IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS TERRAIL NOLEN                                                              PLAINTIFF

v.                                     Case No. 6:21-cv-6151

SHERIFF MIKE CASH, CHIEF OF POLICE
DONNY TABER, JUDGE CHRIS E. WILLIAMS,
PUBLIC DEFENDER GREGORY CRAIN,
PAROLE OFFICER DANNY MARSH, CHIEF
DEPUTY RICHARD TOLLESON, OFFICER
DICKSON, CAPTAIN JOSH LINGO,
PUBLIC DEFENDANER PHILLIP WILSON
and PAROLE OFFICER EVAN THOMAS                                                    DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 24. This case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A. Judge Bryant recommends that certain claims of Plaintiff remain for further review and that certain claims be dismissed. Plaintiff has responded with objections. ECF No. 25. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains about events that allegedly occurred between December 2019 and July 2020 related to his incarceration at the Hot Spring County Detention Center and certain court proceedings. Plaintiff asserts three claims in his fourth amended complaint. First, Plaintiff alleges that while he was incarcerated at the Hot Spring County Detention Center from February 2020 through July 2020, he was subjected to excessive force and denial of medical care. Second, Plaintiff alleges that his constitutional rights were violated when he was

abandoned at a Veterans' Hospital in Little Rock by Defendants Marsh and Thomas, who were parole officers. Third, Plaintiff alleges that Defendant Judge Chris Williams and Captain Josh Lingo violated his due process rights in December 2019 by not holding a first appearance hearing until fifty (50) days after his arrest. Plaintiff is suing Defendants in their official and individual capacities and is seeking compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## III. DISCUSSION

Judge Bryant recommends that Plaintiff's Claim One against Defendants Sheriff Cash,

Tolleson, and Dickson proceed for further litigation. Judge Bryant recommends that Plaintiff's Claim One against Defendant Taber be dismissed. Judge Bryant further recommends that Claims Two and Three be dismissed.

### A. Claim One

Plaintiff vaguely contends that from February 2020 through July 2020, while he was incarcerated in the Hot Spring County Detention Center, he was subjected to excessive force resulting in multiple injuries and that he was denied medical care. Plaintiff alleges that he spoke with Defendants Tolleson and Sheriff Cash about these alleged violations and filed a notarized complaint with Defendant Dickson. Judge Bryant found that, at this stage in the litigation, Plaintiff has stated a plausible claim against these Defendants. No party disputes this finding.

Judge Bryant further found that, in his fourth amended complaint, Plaintiff did not allege any causal facts linking Defendant Taber to Claim One. In his objections, Plaintiff states that Defendant Taber "never investigated or advised me of his results of his investigation" and is "personally responsible for [Plaintiff's] injuries." ECF No. 25, p. 2. This objection, however, again fails to allege any causal facts linking Defendant Taber to Plaintiff's excessive force and denial of medical care claims. Therefore, Plaintiff's objection is overruled, and the Court adopts Judge Bryant's finding that Claim One should proceed against Defendants Cash, Tolleson, and Dickson and should be dismissed as to Defendant Taber.

### B. Claim Two

Plaintiff alleges that in April 2020, he was given a "parole release" from the Hot Spring County Detention Center so that he could seek surgery. He further alleges that Defendants Marsh and Thomas, who are parole officers, drove him against his will to the Veterans' Hospital in Little Rock and abandoned him at the entrance of the hospital, even though he had no appointment for surgery, no money, and no phone. Plaintiff alleges that the following

Defendants are involved in this claim: (1) Judge Chris Williams, an Arkansas Circuit Court judge; (2) Officers Marsh and Thomas, parole officers; (3) Defendants Wilson and Cain, public defenders; and (4) Captain Josh Lingo.

Judge Bryant found that Judge Chris Williams and Parole Officers Marsh and Thomas were immune from suit. Judge Bryant further found that Defendants Wilson and Cain, who are both public defenders, are not subject to suit under 42 U.S.C. § 1983 because they were not acting under color of state law while representing Plaintiff in his criminal proceedings. Judge Bryant also found that Plaintiff did not allege any causal facts linking Defendant Lingo to Claim Two.

In is objections, Plaintiff does not specifically object to Judge Bryant's findings regarding the immunity of Judge Williams and Defendants Marsh and Thomas. Plaintiff does state that "Judge Williams acted outside of his authority by ordering . . . Marsh and Thomas to drive [him] against [his] will to the . . . hospital [where they] abandon[ed]" him. ECF No. 25, p. 2. However, the Court agrees with Judge Bryant that the alleged actions of Judge Williams were taken in his judicial capacity and thus he is immune from suit. Further, in his objections, Plaintiff does not address the findings that Defendants Wilson and Cain are not subject to suit under § 1983 and that Plaintiff did not allege any causal facts linking Defendant Lingo to Claim Two. The Court, therefore, overrules Plaintiff's objections and adopts Judge Bryant's recommendation that Claim Two should be dismissed.

**C. Claim Three**

Plaintiff alleges that he was arrested in February 2020 and only then was he given a first appearance hearing related to charges stemming from a separate arrest on December 26, 2019.[1]

---

[1] Plaintiff alleges that after his arrest on December 26, 2019, he was taken by ambulance to Baptist Hospital in Little Rock and abandoned at the hospital.

4

He alleges that the delay and failure to give him a first appearance hearing for the December charges violated his constitutional rights. Plaintiff names Judge Williams and Defendant Lingo as Defendants involved in Claim Three.

Again, Judge Bryant found that Judge Williams was immune from suit. Judge Bryant also found that Plaintiff failed to allege how Defendant Lingo caused any violation of his constitutional rights. In his objections related to Claim Three, Plaintiff does not address these specific findings. Thus, the Court overrules Plaintiff's objections related to Claim Three and adopts Judge Bryant's findings as to this claim. The Court agrees with Judge Bryant that Claim Three should be dismissed.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 25) and adopts the Report and Recommendation *in toto*. ECF No. 24. Claim One for excessive force and denial of medical care against Defendants Cash, Tolleson, and Dickson in their individual and official capacities remain for further review. Claims Two and Three are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of February, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge