IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS TERRAIL NOLEN                                                    PLAINTIFF

v.                                Case No. 6:21-cv-6151

SHERIFF MIKE CASH
(Hot Spring County, Arkansas);
CAPTAIN JOSH LINGO;
DEPUTY RIDINGS;
DEPUTY DILLON D. LEDBETTER                                            DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 56.  Judge Ford recommends that Plaintiff's Fifth Amended Complaint be dismissed because it is barred by the doctrine of *res judicata*.  Plaintiff has responded with objections (ECF No. 59) and has filed a Motion to Amend Fifth Amended Complaint.  ECF No. 61.  The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, files this action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the Arkansas Division of Correction Cummins Unit, but his claims in this lawsuit focus on interaction with Hot Spring County law enforcement.  Some of Plaintiff's claims have already been dismissed.  ECF No. 28.  Plaintiff's claims in this case have been ever shifting with each amended complaint that he has filed and are difficult to keep track of.  However, the operative complaint is Plaintiff's Fifth Amended Complaint (ECF No. 55), which contains two claims.

Plaintiff characterizes Claim One as a failure to train and supervise claim and negligence claim.  ECF No. 55, p. 4.  He names Separate Defendants Sheriff Mike Cash and Captain Josh

Lingo as the Defendants involved and asserts that the complained of conduct took place at the Relax Inn, Hot Spring County Detention Center, Andy's, and a "home residence."  Plaintiff identifies the timeline for this claim as December 2019 through October 2020.  Plaintiff sues both Captain Lingo and Sheriff Cash in their individual and official capacities.

Plaintiff characterizes Claim Two as one for racial discrimination, racial profiling, illegal detention, and a violation of the Fourteenth Amendment.  ECF No. 55, p. 7.  He brings this claim against Separate Defendants Deputy Dillon Ledbetter and Deputy Ridings.  He asserts that the complained of conduct took place at the Relax Inn and a "home residence."  He identifies the same timeline for Claim Two as he did in Claim One—December 2019 through October 2020.  Plaintiff sues both Deputy Ledbetter and Deputy Ridings in their individual and official capacities.

Plaintiff's claims are not straightforward and are somewhat confusing because the facts he alleges do not necessarily support the claims he makes.  As factual support for his claims, Plaintiff recounts arrests at the Andy's parking lot on December 26, 2019, at the Relax Inn on January 5, 2020, and his parent's yard ("home residence") on July 13, 2020.  It appears that Plaintiff also mentions other arrests that were made in 2020.

Plaintiff has previously filed two § 1983 cases in this Court against the same Defendants in the instant case: *Nolen v. Ledbetter*, Case No. 6:20-cv-6112 and *Nolen v. Cash*, Case No. 21-cv-6092.  In *Ledbetter*, Plaintiff claimed that Deputy Ledbetter and Deputy Ridings used excessive force against him when he was arrested at the Andy's parking lot on December 26, 2019, the Relax Inn on January 5, 2020, and his parent's yard on July 13, 2020.  In *Nolen*, Plaintiff claimed that Sheriff Mike Cash, Captain Lingo, and Dr. Darrell Elkins, who is not a Defendant in the instant case, delayed and denied him medical care after the above-mentioned arrests.  Both the *Ledbetter* and *Cash* cases were dismissed with prejudice at the summary

judgment stage.

After screening Plaintiff's Fifth Amended Complaint as required by 28 U.S.C. § 1915A(a), Judge Ford recommends that both claims are barred by the doctrine of res judicata. Plaintiff objects.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## III. DISCUSSION

The Court will first address whether Plaintiff's claims are barred by res judicata principles. Then, the Court will consider Plaintiff's Motion to Amend Fifth Amended

3

Complaint.

### A. Res Judicata

Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.*, 283 F.3d 975, 977 (8th Cir. 2001). Res judicata has been applied to dismiss the complaints of plaintiffs proceeding in forma pauperis under 28 U.S.C. § 1915. *See Pointer v. Parents for Fair Share*, 87 Fed. App'x 12, 12 (8th Cir. 2004). "Under federal common law, the doctrine of res judicata, or claim preclusion, applies when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018). Res judicata applies against parties who participated in a prior proceeding and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731 (8th Cir. 2004). In sum, the doctrine of res judicata prevents "the relitigation of a claim on the grounds that were raised or could have been raised in the prior suit." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990).

"[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). A plaintiff's reliance "on different substantive law and new legal theories does not preclude the operation of res judicata." *See Lane*, 899 F.2d at 744. Res judicata prevents a plaintiff from bringing a claim that "is dressed up to look different," and will bar a second claim based on "a new theory of recovery or . . . a new body of law . . . if it is based on the same nucleus of operative facts." *Id.*

In this case, Judge Ford found that Plaintiff's claims are barred by res judicata. In *Nolen*

*v. Ledbetter*, Case No. 20-cv-6112, Plaintiff alleged three claims. For his first claim, Plaintiff alleged that Deputy Ridings and Deputy Ledbetter used excessive force to arrest him in the Andy's parking lot after a traffic stop on December 26, 2019. Plaintiff described that approximately one week before Deputy Ridings and Deputy Ledbetter had attempted to arrest him at the Relax Inn. Plaintiff alleged that the Malvern Police Department conspires with local law enforcement and officials to make illegal arrests.

For his second claim in the *Ledbetter* action, Plaintiff alleged that Deputy Ridings used excessive force to arrest him at the Relax Inn on January 5, 2020. He further alleged that the Malvern Police Department planted evidence and falsified documents to get an arrest. For his third claim, Plaintiff alleged that Deputy Ledbetter used excessive force when arresting Plaintiff at his mother's home on July 13, 2020.

For all three claims in the *Ledbetter* action, the Court found that Deputy Ridings and Deputy Ledbetter were entitled to summary judgment because Plaintiff's claims of excessive force were blatantly contradicted by the summary judgment record such that no reasonable jury could believe them. ECF No. 149 (*Ledbetter* case).

In *Nolen v. Cash*, Case No. 21-cv-6092, Plaintiff alleged that Sheriff Cash and Captain Lingo delayed and denied him medical care after the arrest in his mother's yard on July 13, 2020, and other arrests in March 2020 and April 2020. The Court found that Sheriff Cash and Captain Lingo were entitled to summary judgment. ECF No. 49 (*Cash* case).

In the instant case, the Court agrees with Judge Ford that Plaintiff's claims are barred by res judicata. As discussed above, Plaintiff has filed two prior 42 U.S.C. § 1983 civil rights actions in this Court. Those cases have a preclusive effect on the instant case. First, both cases involved the same parties: Sheriff Cash, Captain Lingo, Deputy Ledbetter, and Deputy Ridings. Second, the prior two suits were based on proper jurisdiction under § 1983. Third, the prior two

5

suits resulted in a judgment on the merits, in which the Court granted summary judgment in favor of Defendants, finding that they had not violated Plaintiff's constitutional rights during the incidents at Andy's, the Relax Inn, and his mother's home on December 26, 2019, January 5, 2020, and July 13, 2020.

As to the final element of res judicata—that both suits be based on the same claims or causes of action—the Court notes that the operative facts in the prior two lawsuits and the instant action are nearly identical. All three cases stem from Plaintiff's arrests on December 26, 2019, January 5, 2020, and July 13, 2020, and Plaintiff describes the same injuries in all three cases. Both the *Ledbetter* case (Case No.21-cv-6112) and the instant case are premised on allegations that Deputy Riding and Deputy Ledbetter used excessive force against him. In the instant case, Plaintiff adds a failure to train claim and a race discrimination claim for the first time.

As discussed above, res judicata bars claims that were raised in a prior suit or claims that could have been raised in a prior suit. Whether the claims are the same for res judicata purposes is determined by looking at the factual predicate for the claims. Here, all three cases are based on the same nucleus of operative facts. In fact, Plaintiff acknowledges that "some of the facts have been decided in 6:21-cv-6092; 6:20-cv-06112." ECF No. 55, p. 8. Plaintiff is now attempting a third bite at the apple to recover on new theories based on old facts. Plaintiff's objection focuses on the fact that Plaintiff is bringing claims that he did not bring in his previous two actions.[1]  However, res judicata bars such claims that could have been raised in prior litigation. Plaintiff's instant claims could have been raised in the previous two lawsuits. Accordingly, Plaintiff's claims against Defendants must be dismissed.

---

[1]Plaintiff also states that the instant lawsuit "arises from significantly different facts, even if there is some over-lap." ECF No. 3, p. 6. Plaintiff, however, does not identify which facts are "significantly different."

**B. Plaintiff's Motion to Amend**

In an attempt to save his claims from dismissal, Plaintiff has filed a Motion to Amend Fifth Amended Complaint.  ECF No. 61.  Plaintiff filed this Motion to Amend along with his objections to the instant Report and Recommendation.  Plaintiff states that he should be able to amend his complaint to "eliminate the basis for the dismissal."  ECF No. 61.  However, Plaintiff has already had several opportunities to amend his complaint.  The operative complaint in this matter is Plaintiff's Fifth Amended Complaint.  ECF No. 55.  In his motion, Plaintiff does not propose or describe any intended amendments.  There is no indication from Plaintiff as to how he intends to amend his complaint such that it is not barred by res judicata.  He simply asks for the Court to allow him an opportunity to amend.  Any amendments to his complaint based on the same nucleus of operative facts would be futile, because the Court has ruled that his present claims are barred by res judicata.  Accordingly, the Court finds that Plaintiff's Motion to Amend Fifth Amended Complaint (ECF No. 61) should be and hereby is **DENIED**.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Ford's Report and Recommendation.  Therefore, the Court overrules Plaintiff's objections (ECF No. 5) and adopts the Report and Recommendation (ECF No. 56) *in toto*.  ECF No. 24.  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge